**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Whitcomb, | No. CV-20-01770-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Twin City Fire Insurance Company, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand. (Doc. 6.) For the following reasons, the Court will grant the motion and remand this matter to state court.[1]

## I.    BACKGROUND

Plaintiff Katherine Whitcomb ("Plaintiff" or "Ms. Whitcomb") filed a complaint against Defendant Twin City Fire Insurance Company ("Defendant" or "Twin City") in the Arizona Superior Court on July 31, 2020. (Doc. 1-2.) It states that Ms. Whitcomb is a resident of Maricopa County, Arizona, and that Twin City is a Minnesota company. (*Id.* ¶ 2.)  It also states that Twin City provided comprehensive automobile insurance coverage to Barbara Whitcomb and Aaron Hodges for "themselves and additional drivers listed on the policy." (*Id.* ¶ 8.) Plaintiff claims that on November 15, 2016, she was involved in a collision with an uninsured driver while driving an automobile covered under the policy. She suffered "significant head, neck, back, knees and shoulder injuries." (*Id.* ¶¶ 11-13.)

---

[1] Although neither party requested oral argument, both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

On May 11, 2018, Ms. Whitcomb submitted a claim for "uninsured motorist coverage benefits" to Twin City. (*Id.* ¶ 16.) On June 11, 2018, Twin City "sent a letter stating they had completed their review of the demand package but could neither accept or reject [the] demand as they were wanting prior records." (*Id.* ¶ 17.) Ms. Whitcomb asserts that Twin City failed to adequately investigate or give equal consideration to her claims, and by its "unreasonable investigation and adversarial position," has "forced Plaintiff into litigation." (*Id.* ¶¶ 18-20.) The original complaint asserts claims for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, and bad faith against Twin City.[2] (*Id.* at 6-11.)

Twin City filed a Notice of Removal to this Court on September 10, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.) Ms. Whitcomb now moves to remand the case back to state court for lack of subject-matter jurisdiction. She has attached, as an exhibit to her motion, a "proposed amended complaint" to be filed in state court. It adds new allegations and a new defendant, Andrew Brand, an Arizona resident, whose participation would nullify diversity jurisdiction. The motion is now fully briefed. (Docs. 6, 9, 12.)

## II.   LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts ... have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). The removal statute is "strictly construed against removal jurisdiction." *Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). The defendant bears the burden to establish that removal is proper. *Id.* When a plaintiff seeks to join a non-diverse defendant in an action removed on the basis of diversity, a federal court may either "deny joinder, or permit joinder and remand to the State court." 28 U.S.C. § 1447(e).

---

[2] The original and proposed amended complaints also name "ABC Corporation and/or Partnerships, I-X" as fictitious defendants. (Docs. 1-2; 6-1.)

## III.    DISCUSSION

Ms. Whitcomb moves to remand the case because the original complaint "inadvertently excluded" an "additional, indispensable party" whose presence would destroy diversity jurisdiction. (Doc. 6 at 2.) Specifically, she seeks to add Mr. Brand, an insurance adjuster, as a defendant in this case. (Doc. 6-1.) Ms. Whitcomb states that Mr. Brand is, like her, a resident of Arizona for diversity jurisdiction purposes. (*Id*. at 2.) Twin City does not dispute this fact. Ms. Whitcomb seeks to add claims of aiding and abetting and tortious interference with contract against Mr. Brand.[3]

Twin City responds that Ms. Whitcomb has not shown good cause for her failure to include Mr. Brand in the original complaint, that Mr. Brand's presence in the case would amount to a fraudulent joinder, and that Mr. Brand is not an indispensable party. The Court addresses these arguments in turn.

### A.    Good Cause

Plaintiff states that Mr. Brand was "inadvertently left out of the initial complaint because at the time the complaint was drafted and then filed, counsel undersigned's office was separated because of the Covid-19 pandemic and the attorneys and staff were working remotely." (Doc. 6 at 2.) Accordingly, as "the initial draft of the original complaint circulated, there was some confusion between counsel and staff such that the complaint that was filed did not have allegations against Andrew Brand."[4] (*Id*.)

Twin City argues that Ms. Whitcomb has not shown good cause for failing to include Mr. Brand in the original complaint. It states that "[b]ecause modern technology

---

[3] The proposed amended complaint also asserts a new claim, for negligent training and supervision, against Twin City. (Doc. 6-1 at 17.) Because this claim is not relevant to the motion to remand, the Court will not address it here.

[4] There is a "conflict of authorities" as to whether Rule 15 of the Federal Rules of Civil Procedure, as opposed to 28 U.S.C. § 1447(e), governs whether to permit joinder of a new defendant when leave is not required to file an amended complaint. *Palestini v. Gen. Dynamics Corp*., 193 F.R.D. 654, 657 (S.D. Cal. 2000). Although Plaintiff filed the "proposed amended complaint" within 21 days of the Answer, which would not have required leave pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff does not invoke Rule 15. Nonetheless, as described herein, the Court finds that the joinder of Mr. Brand to the case, and therefore remand, is appropriate even under the more exacting standard of 28 U.S.C. § 1447(e).

allows for absolute, instant, and uninterrupted connectivity of sophisticated individuals and entities, the omission can hardly be attributed to the Covid-19 pandemic." (Doc. 9 at 2.) The Court agrees that Ms. Whitcomb's justification for omitting Mr. Brand from the initial complaint is not inspiring. Nonetheless, Twin City has provided no authorities indicating that this, in itself, is a proper basis on which to deny remand. Further, as described below, the Court finds that Mr. Brand was not added to the case through "fraudulent joinder," as the term is defined in relevant case law, and that he is an indispensable party.

In connection with this argument, Twin City invokes the Supreme Court's holding that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). That case arose in the context of substituting parties under Rule 25, as opposed to remand, however. And as the Ninth Circuit has recognized, following *Freeport-McMcMoRan, Inc.*, a "plaintiff to add nondiverse defendants to a diversity action still destroys diversity." *Kerman v. H&L Realty & Mgmt. Co.*, 41 F.3d 1513, at *1 (9th Cir. 1994). *See also Lac Vieux Desert Band of Lake Superior Chippewa Indians Holdings Mexico, LLC v. Atlico USA, LLC*, No. CV-08-1067-PHX-ROS, 2009 WL 411560, at *2 (D. Ariz. Feb. 17, 2009) ("The Court will adopt the holding of a number of circuits construing *Freeport* narrowly, as it pertains to substitution of parties under Federal Rule of Civil Procedure 25."). The Court will not deny the motion for Ms. Whitcomb's failure to show "good cause" or on the basis of *Freeport-McMoRan, Inc., Inc.*, 498 U.S. 426.

### B.   Fraudulent Joinder

Defendant also argues that Mr. Brand's joinder to the case is fraudulent. "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation

omitted). Twin City does not argue the first option.[5] Fraudulent joinder is established under the second option if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548 (citation omitted). *See also Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (The term "fraudulent joinder" is somewhat of a "misnomer," as the focus is on whether the plaintiff can "state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.") (citation omitted). If "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548 (citing *Hunter*, 582 F.3d at 1046) (emphasis in original).

Plaintiff argues that the proposed amended complaint states a claim against Mr. Brand for aiding and abetting Twin City's breach of contract, breach of the covenant of good faith and fair dealing, and bad faith. (Doc. 6 at 2.) Under Arizona law,[6] the elements of an aiding and abetting claim are:

> (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff;
>
> (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and
>
> (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach.

*Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485 ¶ 34 (2002); *see also* Restatement (Second) Torts § 876(b) (adopted by the Arizona Supreme Court in *Wells Fargo Bank*, *supra*). Where "an insurer delegates its claim handling responsibilities to an administrator and its adjuster, the 'agent',

---

[5] The Court does not interpret Twin City's argument that Plaintiff has failed to show good cause for omitting Mr. Brand from the original complaint to be an argument of actual fraud in the jurisdictional facts.

[6] "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

i.e., the adjuster, 'can be held liable for aiding and abetting an insurer's violation of the duty of good faith and fair dealing.'" *Gastelo v. Wesco Ins. Co.*, No. CV-18-02659-PHX-MTL, 2020 WL 1285912, at *3 (D. Ariz. Mar. 18, 2020) (citing *Temple v. Hartford Ins. Co. of Midwest*, 40 F. Supp. 3d. 1156, 1170 (D. Ariz. 2014)). "Numerous cases in this District" confirm that for an aiding and abetting claim against an insurance adjuster to survive, the plaintiff "must allege some action" taken "separate and apart from the facts giving rise" to a claim against the insurer. *Centeno v. Am. Liberty Ins. Co.*, No. CV-18-01059-PHX-SMB, 2019 WL 568926, at *3 (D. Ariz. Feb. 12, 2019), appeal dismissed, No. 19-16150, 2019 WL 6521666 (9th Cir. Oct. 31, 2019).

Ms. Whitcomb has shown a possibility of recovery against Mr. Brand for aiding and abetting. She asserts that Twin City "breached its contract with Plaintiff and in doing so breached the implied covenant of good faith and fair dealing when it failed to fairly compensate Plaintiff for her injuries and damages and to give Plaintiff's claim equal consideration under the terms of the Policy." (Doc. 6-1 ¶ 83.) She also alleges that Mr. Brand had "actual knowledge and a general awareness" that his actions would lead Twin City to breach the insurance policy and the implied covenant of good faith and fair dealing. (*Id*. ¶ 84.) Ms. Whitcomb also alleges that Mr. Brand made the "independent decisions to hire a law firm, retain a defense oriented medical doctor and failure to pay the undisputed amount due under the policy." (*Id*. ¶ 85.) Further, Mr. Brand provided "substantial assistance or encouragement" of Twin City's breach of contract and breach of the duty of good faith and fair dealing. (*Id.* ¶ 86.)

Twin City argues that Ms. Whitcomb cannot state a claim for aiding and abetting because the acts that she alleges Mr. Brand to have taken "separate and apart" from it are, in fact, "a common and usual exercise of Mr. Brand's duties [as] a Twin City employee." (Doc. 9 at 4.) Further, it states that "Mr. Brand performed his job according to Twin City's Authorization, customary practices, and the insurance policy terms." (*Id*.) The Court notes that courts in this district have expressed skepticism about the viability of aiding and abetting claims against insurance adjusters. "Although federal courts in this district have

consistently held that Arizona law would permit a claim against an adjuster for aiding and abetting her employer's bad faith, no conclusive Arizona case law exists." *Lambert v. Liberty Mut. Fire Ins. Co.*, No. 2:14-CV-00521-JWS, 2014 WL 5432154, at *3 (D. Ariz. Oct. 24, 2014). Further, when faced with motions to dismiss aiding and abetting claims against claims adjusters, courts have "found the facts were sufficient to state a claim for aiding and abetting only about half the time." *Chukly v. Am. Family Mut. Ins. Co.*, No. CV-17-0088-TUC-RCC-LCK, 2017 WL 5952759, at *3 (D. Ariz. June 7, 2017), report and recommendation adopted (D. Ariz. Aug. 1, 2017).

Nonetheless, the Court need not conclude that Ms. Whitcomb *has* stated a claim for aiding and abetting against Mr. Brand at this juncture. The tests for fraudulent joinder and failure to state a claim under Rule 12(b)(6) share "some similarities" but are "not equivalent." *Grancare LLC*, 889 F.3d at 549. A claim "against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id. See also Weeping Hollow Ave. Trust*, 831 F.3d at 1113 (fraudulent joinder requires a "heavy burden of showing that [plaintiff] obviously failed to state a cause of action"). Here, the Court finds that Ms. Whitcomb has sufficiently raised the possibility of an aiding and abetting claim such that removal is proper. *See Ward v. Travelers Pers. Ins. Co.*, No. CV-20-01079-PHX-SPL, 2020 WL 4732153, at *2 (D. Ariz. Aug. 14, 2020) (granting a motion to remand where "it remains unclear whether Plaintiff has sufficiently stated a claim for aiding and abetting").

Because the Court finds that Ms. Whitcomb has plausibly stated a claim for aiding and abetting against Mr. Brand, it need not reach Twin City's arguments regarding Ms. Whitcomb's other claims.[7] *See Grancare, LLC*, 889 F.3d at 548 (a federal court "must" remand the case "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants.").

## C.   Indispensable Party

Twin City also argues that the Court should deny the motion to remand because Mr.

---

[7] Indeed, the motion to remand focuses on the aiding and abetting claim and mentions the tortious interference claim only in passing. (Doc. 6 at 7.)

Brand is not an indispensable party. (Doc. 9 at 7.) Rule 21 of the Federal Rules of Civil Procedure authorizes a court to "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Further, a district court is within its discretion to "drop[] a nondiverse party, provided it is not indispensable under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277–78 (9th Cir. 1980). A party is indispensable under Rule 19 if the court "cannot accord complete relief" without the party, or the party "claims an interest relating to the subject of the action" in certain circumstances. Fed. R. Civ. P. 19(a)(1). If a party is indispensable, and joinder of that party will destroy diversity, then the case must be remanded to the state court. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Twin City argues that Mr. Brand is not an indispensable party because "Plaintiff may fully recover her damages from Twin City alone, if she can prove her allegations." (Doc. 9 at 7.) But the Court could not provide complete relief on Plaintiff's aiding and abetting or tortious interference claims without Mr. Brand in the case. *See Gorczyca v. Am. Family Mut. Ins. Co.*, No. CV 09-412-PHX-SRB, 2009 WL 10673446, at *5 (D. Ariz. May 20, 2009) ("The Court concludes that if [the insurance adjuster] is not joined in this case, Plaintiff might not be able to recover all the damages to which he is entitled under the law without filing a parallel suit in state court.").

Twin City also briefly states that, upon a remand, it "will be prejudiced by having to litigate in state court." (*Id.*) It does not provide any justification or authority for this argument. The Court is aware that Twin City is a Minnesota company. (Doc. 1-2 ¶ 2.) The Court is also aware that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). Nonetheless, the Court is not convinced that this consideration is sufficient here, particularly given that a district court is permitted to allow joinder of a non-diverse defendant and "remand to the State court." 28 U.S.C. § 1447(e).

Lastly, Twin City argues that Mr. Brand is not indispensable because "all of Mr. Brand's actions were performed to further Twin City's purpose and within Twin City's

control." (Doc. 9 at 7.) This argument would be more appropriately assessed during the merits of this case. As noted above, for purposes of a remand motion, a plaintiff need only show a "*possibility*" that she has stated a claim against the non-diverse defendant. *Grancare, LLC*, 889 F.3d at 548.

In sum, the Court finds that Mr. Brand was not fraudulently joined to this lawsuit and, as an indispensable party, he will not be dropped from the case at this stage. The parties therefore do not have complete diversity of citizenship. Thus, the Court lacks subject-matter jurisdiction over this dispute.

### D.    Amended Complaint

As noted, Ms. Whitcomb filed a "proposed" amended complaint—with a state court caption—as an exhibit to the motion to remand.[8] (Doc. 6-2.) For clarity of the record, the Court will require Plaintiff to file a copy of the Amended Complaint in *this case* before the case will be remanded. To the extent that leave is required pursuant to Rule 15(a), it is so granted.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint on the docket <u>in this case</u> within **seven (7) days** of the date of this Order. Upon the filing of the Amended Complaint, the Clerk of the Court shall remand this matter to the Arizona Superior Court in Maricopa County and close this case.

**IT IS FINALLY ORDERED** that the Scheduling Conference set for November 19, 2020, is hereby **vacated**.

/ /

/ /

/ /

---

[8] Twin City does not argue that Ms. Whitcomb's submission of the "proposed amended complaint" was procedurally improper, or that the Court should not consider the proposed amended complaint as the operative complaint for purposes of assessing the motion to remand.

Dated this 13th day of November, 2020.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge